UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JAJUAN BENNETT,

                    Plaintiff,                    Case No. C25-1487-TL-SKV

        v.

J. HURT, *et al.*,                                REPORT AND RECOMMENDATION

                    Defendants.

## I.    INTRODUCTION

This is a *pro se* civil rights action proceeding under 42 U.S.C. § 1983.  Plaintiff has been granted leave to proceed with this action *in forma pauperis*.  Service has not been ordered.  This Court, having reviewed Plaintiff's amended complaint, and the balance of the record, concludes that Plaintiff has not stated any viable claim for relief in this action.  The Court therefore recommends that Plaintiff's amended complaint and this action be dismissed, without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B).

## II.    DISCUSSION

Plaintiff submitted his original complaint to the Court for filing in August 2025.  *See* Dkt. 1.  Plaintiff set forth therein three claims for relief arising out of his confinement at the King

REPORT AND RECOMMENDATION
PAGE - 1

County Correctional Facility ("KCCF") between May and July 2025, and he identified eight KCCF employees as Defendants in his pleading. *See* Dkt. 6 at 1, 3-9. Plaintiff alleged in the first count of his complaint that he had been retaliated against by Officers T. Elrick and B. Blancaneaux, and by Sergeant Gerath Robinson. *See id.* at 5-6. Plaintiff alleged in the second count of his complaint that he had been subjected to excessive force, and that his due process rights and his rights under the Americans with Disabilities Act had been violated, by Sergeant B. Teeter, classification employee Julius, and Captain J. Mize. *Id.* at 7-8. Plaintiff alleged in the third count of his complaint that he had been subjected to cruel and unusual punishment by Classification Supervisors J. Hurt and F. Oyebiyi. *Id.* at 8-9.

After reviewing Plaintiff's complaint, this Court concluded that Plaintiff had not adequately alleged a cause of action against any of the eight named Defendants. The Court therefore issued an Order declining to serve Plaintiff's complaint and granting him leave to file an amended complaint correcting a number of deficiencies specified therein. Dkt. 7. The Court first explained that Plaintiff's complaint was generally deficient because it did not comply with Fed. R. Civ. P. 8(a), which requires that a pleading contain a short and plain statement of each claim showing that the pleader is entitled to relief. *Id.* at 5-6. The Court observed that Plaintiff's statement of his claims lacked sufficient clarity and specificity to put any Defendant on notice of his claims and the precise grounds upon which they rested. *Id.* at 6.

The Court thereafter addressed specific deficiencies in the claims asserted in the pleading by setting forth the legal standards applicable to the claims and then explaining the deficiencies in the claims in relation to those standards. *See* Dkt. 7 at 5-9. The predominant deficiencies noted with respect to the individual claims were that Plaintiff's allegations lacked sufficient clarity and specificity to satisfy the standards for those claims. *See id.* at 6-11.

REPORT AND RECOMMENDATION
PAGE - 2

Plaintiff was granted leave to amend his complaint to correct the noted deficiencies and, in October 2025, Plaintiff submitted an amended complaint to the Court for filing. Dkt. 9. Plaintiff set forth three claims in his amended pleading that largely replicated those alleged in his original complaint, and he identified nine Defendants, most of whom were also named in his original complaint. *Id.* at 1, 3-4. Plaintiff alleged in the first count of his amended complaint that he had been retaliated against by Officers T. Elrick and B. Blancaneaux. Dkt. 9 at 5-6. He alleged in the second count of his amended complaint that his right to due process and his rights under the Americans with Disabilities Act were violated by Sergeant B. Teeter, Classification Officer J. Julius, and Captain J. Mize, and that he was subjected to excessive force by "20 or so officers plus sergeants." *Id.* at 7-8. Plaintiff alleged similar claims in his second count against two Defendants not named in his original complaint, Officers E. Bedward and E. Ramirez. *Id*. at 10, 12. Plaintiff alleged in the third count of his amended complaint that he was subjected to cruel and unusual punishment by Classification Supervisors F. Oyebiyi and J. Hurt. *Id.* at 8.

Plaintiff requested in his amended complaint that he be awarded money damages in the amount of $350,000. Dkt. 9 at 11. He also asked that staff be made to do their jobs in accordance with the rules, stop bullying him, provide him his ADA accommodations, afford him fair hearings, and remove "keep separates" not supported by any evidence. *Id.*

After reviewing Plaintiff's amended complaint, this Court once again concluded that Plaintiff had not adequately stated any claim for relief. Thus, on November 26, 2025, the Court issued an Order declining to serve Plaintiff's amended complaint and granting him leave to file a second amended complaint correcting a number of specified deficiencies. *See* Dkt. 10. The Court acknowledged therein that Plaintiff had attempted to refine his claims in his amended complaint, but observed that the pleading nonetheless failed to comply with the requirements of

REPORT AND RECOMMENDATION
PAGE - 3

Rule 8(a) of the Federal Rules of Civil Procedure. *Id*. at 8. The Court explained that Plaintiff's claims still lacked sufficient clarity and specificity to provide Defendants adequate notice of his claims, or to state any plausible claim for relief against any of the named Defendants. *Id*. at 8-9. The Court went on to address specific deficiencies in the claims Plaintiff identified in his amended complaint. As in its Order declining to serve Plaintiff's original complaint, the Court set forth the legal standards applicable to the claims in the amended pleading and explained the deficiencies in Plaintiff's claims in relation to those standards. *See id.* at 9-14.

Plaintiff was given thirty days to file a second amended complaint correcting the noted deficiencies and was advised that if he failed to do so the Court would recommend this action be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B). Dkt. 10 at 15. To date, Plaintiff has filed no second amended complaint.

### III.   CONCLUSION

Because Plaintiff failed to set forth in any viable claim for relief in either his original or amended complaints, and because Plaintiff has not filed a second amended complaint correcting the deficiencies previously identified by the Court, this action must be dismissed. Accordingly, this Court recommends that Plaintiff's amended complaint, the operative pleading herein, and this action be dismissed, without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B). The Court further recommends that this dismissal be counted as a strike under 28 U.S.C. § 1915(g). A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit not later than **fourteen (14) days** from the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's

REPORT AND RECOMMENDATION
PAGE - 4

motions calendar **fourteen (14) days** from the date they are filed. Responses to objections may be filed by **the day before the noting date**. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **February 17, 2026**.

DATED this 27th day of January, 2026.

S. KATE VAUGHAN
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 5